## Puig v. Soto.

### Appeal from the District Court of San Juan, Section 1.

No. 772.—Decided March 13, 1912.

Appeal—Brief of Appellant—Grounds of Appeal.—Counsel for the plaintiff should state in his brief tersely and concisely the errors or grounds of the appeal without argument or citations of authorities, and afterwards he may discuss and argue separately each of the errors alleged as a basis of the appeal.

Unlawful Detainer—Continuance—Motion for Continuance—Diligence.— The granting of a motion for continuance in a civil case is left to the sound discretion of the trial court. The motion should not only allege that due diligence had been exercised to obtain the evidence lacking this being the basis of the motion, but should recite also the acts performed by him demonstrative of such diligence.

Id.—Continuance—Cumulative Evidence.—A verified motion for a continuance on the ground that the defendant requires time to produce the testimony of the absent plaintiff in order to prove that no formal demand had been made upon him to terminate the lease is not sufficient upon which to obtain said continuance because such evidence is of a cumulative character and may be proven by other testimony.

Id.—Nature of Action of Unlawful Detainer—Irrelevant Pleadings—Attachment of Property Involved.—The only purpose and object of the action of unlawful detainer is to determine the right of the plaintiff to the occupancy of the property involved, and the allegation of the defendant that the property had been attached jointly with the rentals and is in *custodia legis* of the District Court of San Juan is both irrelevant and insufficient.

Id.—Monthly Rentals—Termination of Lease.—A lease of urban property requiring the rental to be paid monthly is understood to run from month to month, hence the lessor may terminate the lease at the end of any month by giving notice to that effect to the lessee who is then under the obligation of vacating the premises at the expiration of the month.

Id.—Notice of Termination of Lease—Carbon Copy of Letter—Evidence.— Notice to terminate a monthly lease of a house given by the lessor to the lessee by means of a letter sent by mail is valid in law and a typewritten

carbon copy of the letter made together with the original is admissible to prove this fact inasmuch as said carbon copy has the same effect as the original.

ID.—TACIT RENEWAL OF LEASE.—There is no tacit renewal of the lease in the case at bar wherein the lessor under date of May 24 notified the lessee that the contract would expire on May 31, the action of unlawful detainer having been filed on July 7.

ID.—INSUFFICIENT DEFENSES—NONCOMPLIANCE WITH CONTRACT BY LESSOR.—In an action of unlawful detainer, noncompliance with the contract by the lessor cannot be pleaded by the lessee and, therefore, the plea of the defendant in this case alleging such noncompliance is irrelevant and insufficient.

The facts are stated in the opinion.

*Messrs. López Landrón* and *Rincón* for appellant.

*Mr. Eduardo Acuña* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case of unlawful detainer. Concepción Puig, the plaintiff herein, brought a suit on July 7, 1911, in the Second Section of the District Court of San Juan against Manuel Soto, to recover the possession, within 20 days, of the two-story house No. 9 on San Justo Street in the city of San Juan.

In her complaint she makes in substance the following allegations:

"That the plaintiff, who resides in Spain, is the owner of the house designated as No. 9 on San Justo Street, in the city of San Juan, Porto Rico; and that in September, 1907, she rented said house, which consists of two stories, a ground floor and an upper floor, to the defendant, who resides in San Juan, making a verbal contract with her said tenant without fixing the term at which the tenancy should expire, for the sum, as a monthly rental, of $110. She further alleges that the defendant has used the ground floor of said building for a furniture store and the upper floor as a dwelling, and that he is at present in the possession of said house; further that the plaintiff gave notice to the defendant that the rental contract should terminate on May 30, 1911; but that notwithstanding this notice and the time elapsed since May 30 the defendant was still in possession of said house, holding and occupying the same as before."

The defendant answered this complaint in the *first* place by denying some of the allegations thereof, and accepting

others as true, and adding thereto that the upper story of the house rented, being in a ruinous condition for want of the necessary repairs, was not occupied as a dwelling by any one, and that the defendant had continued to occupy both the stories of the house in question with the consent and acquiescence of the plaintiff, or her agent, and by virtue of the contract of rent tacitly renewed.

As a *second* defense the defendant also alleged that the entire complaint did not set forth facts sufficient to constitute a cause of action.

As a *third* defense the defendant also alleged two other grounds substantially as follows:

That the defendant has complied, from the date of the execution of the rental contract, with all the terms thereby imposed upon him; and that the plaintiff has not kept said house in good repair so as to make it fit for a dwelling.

The defendant further alleged, as a *fourth* defense, that the rental contract set forth in the first defense in his answer is still subsistent with the acquiescence, ratification and conformity of the plaintiff through her duly authorized agent.

The defendant finally alleged also a *fifth* defense setting out: Firstly, that the urban property, the object of this proceeding, has been attached together with the rents due under the contract, and is within the control of the honorable District Court of San Juan, in the Second Section; and, secondly, that the proceeds arising from the rent have been deposited punctually at the disposal of the said court, drawing interest in accordance with the rental contract in existence. On account of all these matters the defendant prayed that the suit might be dismissed with costs.

On the trial of the case the pleadings, the evidence and the arguments of counsel were heard, and the court rendered judgment substantially as follows:

"The plaintiff is entitled to the possession of the house, and also to a judgment ordering the defendant, Manuel Soto, to give up the

possession and occupation thereof within 15 days, and should he fail to do so the marshal shall proceed to eject him. The plaintiff is also entitled to the costs, the amount of which will have to be approved."

From this judgment the defendant took an appeal to this court and specifies in substance five errors or infractions of law, as he calls them, claimed to have been committed by the trial court in this case.

In making, in the brief, the specification of the errors alleged to have been committed by the trial court, counsel should endeavor to frame them as tersely and concisely as possible, setting forth the exact points complained of, without argument or the citation of authorities. Of course, as each specification of error on argument, more or less extensive, may be enlarged and authorities cited in support thereof, unnecessary elaboration in specifying the error itself obscures the point intended to be made and weakens the force of the argument by which the principles announced are sought to be supported. These observations are made for the possible aid of the members of the bar in the preparation of their specifications of error. We will consider the points presented by the defendant's counsel in the order observed in the brief.

I. Refusal of a continuance. The appellant complains that the court infringed section 202 of the Code of Civil Procedure, because, notwithstanding his compliance with all the provisions of said section, in making his application for a postponement, the court refused to postpone the trial, thus leaving the defendant unable to make a proper defense for want of direct evidence to the effect that the contract of rent had been renewed or rather continued by the absence of the required notice given to him by the owner of the building, Concepción Puig. Appellant contends that this refusal to continue the case rendered the judicial proceeding therein null and void and that this court ought, by its judgment, to put the case in the same condition in which it was before

the dismissal of the motion to postpone the trial. It is alleged by the appellant also that the court refused to apply the provisions of section 202 of the Code of Civil Procedure on the ground that the said application for postponement ought to have been filed earlier in the course of procedure. Appellant contends that this ground is not reliable because the law does not fix any special time previous to the trial for the filing of the application, but only requires it to be made before the introduction of the evidence which is intended to be produced during the trial, and this is the usual practice in such cases.

Section 202 of the Code of Civil Procedure as far as it applies to this specification of error reads as follows:

"A motion to postpone a trial on the ground of the absence of evidence can only be made upon the affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it."

It must be observed, as appears from the record, that at the calling of the case the defendant stated that he was ready to go to trial. The affidavit on which the motion for continuance is based substantially alleges that the testimony of Concepción Puig, the plaintiff, if she were allowed to produce the same, would show that he had not been given the notice required to terminate the contract. Even if such should be the purport of the evidence it would have been merely cumulative, as this fact, if it existed, could have been proved by means of other testimony. It will further be noticed that although the affidavit states that due diligence had been used to obtain the evidence tending to show that the required notice was not given to the defendant, no statement appears therein as to the nature of such diligence. In these particulars the application for a continuance of the case does not comply with the statute invoked by the appellant himself. Besides, we must not lose sight of the well-established principle that the postponement of the trial in a civil case is a

matter which, owing to its very peculiar nature, must be
left almost entirely to the discretion of the trial judge;
otherwise it would be well-nigh impossible to administer jus-
tice in the trial courts on account of the delays in the pro-
ceedings which might be interposed by the ingenuity of clever
counsel. For the reasons stated the refusal of the continuance
cannot be considered as an error.

II. Striking out certain portions of the answer. The ap-
pellant claims as erroneous the action of the trial court in the
elimination of the third and fifth defenses interposed in his
answer to the prejudice of the defendant who was thereby
rendered defenseless. Appellant claims that both of the de-
fenses are essential, especially the fifth, because the allegation
on which it is based, to the effect that the urban property from
which it is sought to eject, by this proceeding, the defendant
had been attached together with the rents due, and is under
the control of the District Court of San Juan, had such a di-
rect effect on the action of unlawful detainer brought against
the defendant as to destroy the same should it have been sus-
tained by the evidence. Of course, this brings up the question
of the materiality of the defenses which have been eliminated
from the defendant's answer. We must, therefore, consider
the special nature of the action of unlawful detainer and the
limited scope thereof under the statute on which it is based.
The only controversy arising in such an action relates to the
right of the plaintiff to the possession of the property, and
to the actual possession of the same by the defendant; the
termination of that possession being the object and ultimate
aim of the whole proceeding—that is to say, that the action
of unlawful detainer is brought merely to determine the
rights to the possession of the property involved, and to trans-
fer said possession from the defendant to the plaintiff.

The action of unlawful detainer in the case at bar, as
stated in the complaint, is based on the facts that as no term
was fixed in the rental contract, and in accordance therewith
the rent was paid monthly, said contract must be understood

to run from month to month. See section 1484 of the Civil Code of Porto Rico. Hence, as the plaintiff, in exercise of her right, gave notice to the defendant that the rental contract should have to be terminated, if such notice had been properly given, the tenant, after the filing of the complaint, was no longer entitled to the possession of the property and could be summarily dispossessed of the same.

So we see that the defenses stricken out by the trial court from the answer were not material to the proper issues presented for decision. The said defenses alleged matters entirely extraneous to the questions properly arising in a suit of forcible entry or unlawful detainer, and such controversy could be settled by other means or in other litigation properly brought in a court of competent jurisdiction.

III. The *third* error specified is considering improper evidence. It is contended by the appellant that the court below on the trial of the case erred in the admission of evidence in regard to the notice given by the plaintiff to the defendant with the object of terminating the contract of rent existing between them and the dispossession of the tenant of the property involved. Defendant claims that the court, by such action, violated some of the most essential provisions of the Law of Evidence, admitting, over his opposition, illegal, ineffectual and arbitrary evidence in regard to the notice. All this, it is asserted, was in direct violation of section 1 and paragraphs 3, 4, and 5 of section 3, and especially paragraph 2 of section 24 and the whole of section 34 of the Law of Evidence; besides section 314 of the Code of Civil Procedure, whose provisions are alleged to have been entirely overlooked.

From an examination of these sections of the statutes and the record in this case it will be seen that this specification of error rests on the supposed erroneous admission of evidence, tending to prove the notice given by the plaintiff to the defendant whereby the rental contract should be terminated. It appears that this notice was given by mail and no denial

is being made by the defendant that it was duly received. It was in the form of a letter from the agent of the plaintiff, of which a duplicate typewritten copy was presented in evidence upon the trial. The appellant contends that the original should have been offered, or that being in the possession of the defendant, he should have been afforded an opportunity to produce the same after a reasonable notice, and that in accordance with section 314 of the Code of Civil Procedure he should have been allowed an inspection of the same and permission to take a copy thereof. There is nothing to show that the defendant demanded an inspection of the written notice and that it was refused, and the only question arising under this specification of error is as to the effect of a duplicate typewritten copy, the original being in the possession of the opposite party. It appears from the record that the typewritten copy of said document was offered in evidence by the plaintiff on July 17 and was then and there marked with the proper number, without any objection being made thereto on the part of the defendant. Moreover, during the trial it seems that several witnesses were examined in regard to the said copy of the letter and the contents thereof and concerning the fact that it had been transmitted through the mail, without any objection thereto on the part of the defendant. Section 84 of the Law of Evidence in force in this Island provides that where an impression of a letter is taken in a letterpress copy book before the mailing of the original, such letterpress copy must be deemed an original equally with the letter so copied, and may be read in evidence upon proof of the due mailing of the letter so copied. While this section does not apply in terms to duplicates made on the typewriting machine still the spirit and effect of the statute is the same in both cases. Besides, an eminent author in a highly esteemed treatise on the Law of Evidence announces the purport of the American decisions on that particular to be that where documents come into existence in duplicate or multiplicate, any one of these may be introduced without accounting for the

nonproduction of another. Wigmore on Evidence, sec. 1284, 2d vol., p. 1447 *et seq.*

We are perfectly satisfied from an examination of the record and the authorities cited that the action of the trial court in the admission of the carbon copy of the typewritten notice complained of, was entirely correct and proper.

IV. The *fourth* error specified is refusing the defendant the right to hold over. The appellant alleges a breach by the trial court of section 1469 of the Civil Code which reads as follows:

"Section 1469.—If, on the expiration of the contract the lessee continues enjoying the thing leased for 15 days with the acquiescence of the lessor, it shall be understood that there is an implied new lease for the time mentioned in sections 1480 and 1484 unless a notice has previously been given."

It is contended that the plaintiff allowed the first 15 days of the month of June to expire without giving the defendant a proper notice to quit, and that on that account a new notice would be required under the statute. The plaintiff gave notice to the defendant, on May 24, that the lease would terminate on the 31st; and on July 7, brought her suit for forcible detainer. The express notice to quit prevents the tacit extension for the month of June; and when in July the action is begun, since the 15 days had expired to which reference is made in section 1469 of the Civil Code cited, in order that the rental contract might be understood as extended, there would be no breach of the legal principle invoked.

V. The *fifth* error specified in his brief by the appellant is a disregard of the compliance by the defendant with the rental contract, and the noncompliance therewith by the plaintiff. This is considered by appellant to be a breach of section 127 of the Code of Civil Procedure taken in connection with the fundamental principles governing contracts as set forth in the Civil Code. Under the view which we take of this matter it is not necessary to consider the proper construction and effect of

the section just cited from the Code of Civil Procedure. Such an allegation would be frivolous and impertinent in trial for forcible detainer, because this proceeding has for its only purpose, as we have said before, to oust the lessee from his possession of the property, when any of the reasons prescribed in the law occur. It is not permitted in such a case to discuss whether the lessor has failed to comply with any of her duties as such; wherefore the fifth assignment of error cannot be maintained.

Taking all these matters into consideration and carefully reviewing the authorities adduced and others which have been found in the researches made by the court, we are of opinion that the judgment rendered by the Second Section of the District Court of San Juan is entirely correct in every particular and for that reason it should be affirmed with costs in favor of the respondent.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.